### SMITH v. SWITZER et al.     (No. 7735.)

Court of Civil Appeals of Texas.     San Antonio.
March 23, 1927.

Rehearing Denied April 20, 1927.

1. **Judgment** ⊗═490(2)—**Judgment held not subject to collateral attack after term at which rendered for irregularity in service of process, where defendants had notice of suit.**

Husband and wife might not collaterally attack judgment against them, where returns show that citation directed to husband was served on wife and citation directed to wife was served on husband, and they did not attack the judgment at the term of court at which it was rendered.

2. **Judgment** ⊗═414—**Injunction against enforcing judgment held unwarranted, there being no showing debt was not owing nor offer to do equity.**

In suit to foreclose judgment lien, cross-bill for injunction against enforcement of judgment *held* without merit, where there was no pleading or evidence that the judgment was not based upon debt that was owing and there was no tender or offer to do equity.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Suit by W. E. Smith against Geo. Switzer and another. A cross-bill was filed. From a judgment for defendants, plaintiff appeals. Cross-bill dismissed and judgment reversed and rendered.

David E. Hume, of Eagle Pass, and U. S. Algee and J. D. Dodson, both of San Antonio, for appellant.

Ben V. King, of Eagle Pass, for appellees.

COBBS, J.     This suit was instituted to foreclose a judgment lien founded upon the registration of an abstract of judgment filed in Maverick county, from the county court of Bexar county for civil cases. The defense

was based upon the ground that the judgment was void. Upon a former appeal of this case, 270 S. W. 879, the judgment was reversed upon the ground that it did not identify nor show upon which defendant service was made. On this trial the judgment was received in evidence, but the trial court then held that there was no service, and denied judgment foreclosure of the lien. The case was tried by the court, without a jury, and judgment rendered for appellees.

The judgment, assailed as void, from Bexar county court for civil cases, among other things recites:

"On this 17th day of February, A. D. 1915, come the plaintiff by attorney, and the defendant though duly cited failed to appear and answer in this behalf but wholly made default; and whereas, this case is one on a sworn account the justness whereof same is due and unpaid the plaintiff in this cause, and the proof of the justness and owing of said sworn account being made by the plaintiff in person on the trial of this cause to the full satisfaction of the court."

The abstract of this judgment was properly filed in Maverick county on August 2, 1916. We held, in the former appeal of this case:

"The judgment was excluded from the evidence on the objections of appellees that it did not name Kate Switzer; that it showed on its face it was not a final judgment; that it did not show that all the defendants were duly cited; and that the judgment did not mention George Switzer or Kate Switzer. The judgment was final in its recitals, and it stated sufficiently that the defendants were duly cited. The judgment was irregular in not stating the names of the defendants, but it was an irregularity that could be removed by proof. The judgment should have been construed in the light of the record, and it would not matter whether it be the pleadings, the execution, the certificates of the officers of the court, or the abstract of judgment. The presumption would prevail that an execution issued out of a court as against certain parties were those bound by the judgment. It could not be assumed that the county clerk would prepare an abstract of judgment in which the names of the defendants not named in the judgment were inserted, if the names given were not those of the defendants in the suit although not named in the judgment.

"No judgment has ever been held void because it did not name the defendants in the body of the judgment, and, on the other hand, there are a number of instances in which it has been held that all the defendants who could be identified by the judgment roll would be bound by the judgment."

[1] On the trial of this case the irregularity discovered was cured. It was shown that the judgment was based upon citations separately served on both parties who were defendants in the case, though the return on the citation directed to George Switzer was served on Kate Switzer and the return on the citation directed to Kate Switzer reads

---

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that it was served on George Switzer. The return of the officer was such an irregularity as could have been corrected if the attention of the trial court had been timely called thereto. It is inconceivable to suppose that defendants, being husband and wife, had no notice of the pending suit however irregular the citation. They failed to appear during the term of court to take advantage of the irregularity and answer; they sat quietly by and let the term pass, and now, at this late day, they seek to take advantage of their own default.

It has been held by our Supreme Court, in effect, where a defendant, with notice of a pending suit which goes to a judgment against him, fails to take steps to protect himself during the term of the court at which the judgment is taken, but permits the term to expire, cannot thereafter attack the judgment collaterally to have it declared void. Both citations were issued the same day and served on each of the defendants on the very same day, but the officer made his return of service on the husband on the wife's citation. They were evidently served together; no doubt at the very same time and place, and being contemporaneously construed together they were sufficiently served so as to protect the judgment, that recites service, from any collateral attack. The appellees had their day in court for' all purposes, and having failed to appear at the proper term to show a meritorious defense, if they could, they cannot now be heard to attack this judgment.

[2] The cross-bill is without any merit; it is inequitable and shows no basis for an injunction. There is no tender or offer to do equity. There' is no pleading nor evidence that the judgment sought to be destroyed was not based upon an honest debt that appellees owe. The cross-bill is therefore held to set up no grounds for equitable relief and will be dismissed.

The judgment of the trial court is hereby reversed, and judgment is here rendered that the judgment lien, as prayed for by appellant, be enforced, together with all costs.

Reversed and rendered.