HOUSTON FINANCE CORPORATION et al.
v. STEWART et al.    (No. 7226.)

Court of Civil Appeals of Texas. Austin.
May 16, 1928.

Rehearing Denied June 6, 1928.

1. Limitation of actions ⟜127(4)—Amended petition pleading renewal note restated original cause of action on original note.

Where second amended petition set out note in hæc verba and alleged that note was given in renewal of another note which had been given for loan and prayed for recovery of certain sum, and third amended petition, filed after action was barred, after setting out note, alleged that note was given in renewal of another note, which last note was itself given in renewal of note which was given for money loaned, and prayed recovery of sum mentioned in previous petition, action was not barred, since latter petition did not set up new cause of action.

2. Joint-stock companies and business trusts ⟜15(1)—Holders of, certificates of stock in business trust were liable as partners for debts of trust.

Holders of certificates of stock in business trust were liable as partners for unpaid debts incurred by trust before dissolution.

3. Bills and notes ⟜443(1)—Generally, one having legal title to note may sue in his own name, though equitable title is in another.

One who has legal title to a note may sue in his own name, though the equitable title is in another, unless defendant has defense against one which he could not urge against the other.

4. Joint-stock companies and business trusts ⟜15(1)—One inheriting stock in partnership was liable for debts incurred after he participated in business; statute relating to transfer at death being inapplicable (Rev. St. 1925, art. 3314).

One inheriting stock in partnership was personally liable for debts incurred after he participated in business of partnership and claimed benefits accruing; Rev. St. 1925, art. 3314, relating to transfer of estate at death, not being applicable.

─────────────────────────────

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Garnishment ⬤⇒51—Where defendant's ownership of stock in garnishee bank was transferred from defendant to T. before garnishment, no lien could be fixed in favor of plaintiff.**

Where ownership of shares of stock in garnishee bank had been transferred from defendant to T. corporation, so that ownership was vested in T. corporation prior to date of application for garnishment, and transfer was not for purpose of defrauding creditors, no lien could be fixed by garnishment in favor of plaintiff suing defendant on debt.

Appeal from District Court, Harris County; E. R. Campbell, Special Judge.

Action by Carter Stewart and others against the Houston Finance Corporation and others, in which A. W. Taber, receiver of the Texas Finance Corporation, intervened. From the judgment, defendants appeal. Reversed and rendered in part, and in part affirmed.

Marsh & McIlwaine and Bryan Marsh, all of Tyler, for appellants Tyler Commercial College, W. C. Wiley, W. F. Andrews, and Byrne Publishing Co.

Butler, Price & Maynor, of Tyler, for appellant W. M. Roberts.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant W. E. Weatherford.

Wm. H. Wilson, Henry J. Dannenbaum, and Richard T. Fleming, all of Houston, for appellee Stewart.

BAUGH, J. The Houston Finance Corporation was organized at Houston, Tex., for the purpose of accumulating and loaning money with power expressly given to borrow money. It was not incorporated. Those contributing to its capital were issued certificates of stock which were transferable. The business was in the hands of and managed by three trustees, officers of the company, with headquarters at Houston. Its articles of agreement were fashioned after a Massachusetts trust. It borrowed $12,000 from the Public National Bank of Houston on January 28, 1922, executing its note therefor, due April 30, 1922. This note was renewed from time to time, $2,500 paid on said debt to the bank in November, 1922, and the renewal note of July 27, 1922, together with collateral securities held by the bank, assigned to Carter Stewart, appellee here. He brought this suit against the holders of certificates of stock in said Houston Finance Corporation, seeking to hold them liable as partners. He also sought judgment against certain defendants on their written agreement, wherein they guaranteed to said bank payment of the Houston Finance Corporation's debts. The defendants, appellants here, pleaded, among other things, a merger on February 25th or March 1, 1922, of the Houston Finance Corporation with the Texas Finance Corporation, which latter was incorporated; that the Houston Finance Corporation had been dissolved prior to the execution on July 27, 1922, of the renewal note; and the statutes of limitation of two and four years.

[1] The question of limitation is the one chiefly relied upon here. It arose upon appellee's pleadings in the following manner: Plaintiff's second amended original petition was filed on September 8. 1923. His third amended original petition was filed on June 11, 1926. Appellants contend that this latter petition sets up a new and different cause of action from that stated in his second amended petition, and that it was barred by the statutes of limitation. We do not sustain this contention. In his second amended petition, plaintiff, after setting out in hæc verba the note, dated July 27, 1922, alleged further:

"That the said note was given in renewal and retirement of another promissory note for twelve thousand ($12,000) dollars, executed by the Houston Finance Corporation to the order of the Public National Bank of date, to wit, on or about January 28, 1922, and maturing on or about, to wit, April 30, 1922; that said first note was given in consideration of twelve thousand ($12,000) dollars in money loaned at and before the date of said note by the Public National Bank to Houston Finance Corporation and which note was unpaid at the giving of the note sued on."

In this petition he prayed for relief as follows:

"Wherefore plaintiff prays that he recover judgment for nine thousand, five hundred ($9,500.00) dollars, with interest thereon at the rate of 8 per cent. per annum from the 26th day of September, 1922, together with 10 per cent. as attorney's fees and all costs of suit against the following defendants, jointly and severally, and against each of them: [Then follows the names of the defendants.]"

And further:

"That plaintiff recover any and all relief to which he may be entitled, either in law or in equity."

In his third amended petition, after setting out said note, it was alleged:

"That the said note was given in renewal of another promissory note for twelve thousand ($12,000.00) dollars executed by Houston Finance Corporation to the order of Public National Bank of date, to wit, on or about May 1, 1922, maturing to wit, July 27, 1922, which last described note was itself given in renewal of a note for twelve thousand ($12,000.00) dollars, executed by the Houston Finance Corporation to the order of the Public National Bank of date, to wit, on or about January 28, 1922; that said note of date, to wit, January 28, 1922 (as likewise the notes respectively of dates, to wit, July 27, 1922, and to wit, May 1, 1922), were given in consideration of twelve thousand ($12,000.00) dollars in money loaned at and

before the date of said first note, to wit, at and before, to wit, January 28, 1922, by Public National Bank to Houston Finance Corporation; that all of said notes were in renewal and extension of said old indebtedness on which indebtedness and account as well as on said notes plaintiff here sues."

His prayer to that petition contained the following:

"Wherefore plaintiff prays that he recover judgment both on the note and on the account and indebtedness hereinbefore described, for nine thousand, five hundred ($9,500.00) dollars, with interest thereon at the rate of eight per cent. (8%) per annum from the 26th day of September, 1922, together with ten per cent. (10%) as attorney's fees and all costs of suit against the following defendants, jointly and severally and against each · of them:   [Then naming the defendants.]"

And plaintiff further prays:

That he "recover any and all relief to which he may be entitled either at law or in equity."

In addition to the above-quoted portions of said second amended petition first above quoted, which was filed on September 8, 1923, at which time no limitation could avail, said petition contains repeated allegations and references to the *money borrowed* and *note given*, and refers to the cause of action asserted as *"the indebtedness sued on,"* and the rights of the bank arising from *"loaning said money."* It is also to be noted that in the prayer for relief the note itself is not declared on, but judgment is asked for $9,500, interest, and attorney's fees, which amount was the balance of the *indebtedness* due the bank, as well as for general relief.

No extended discussion of the issue here raised is necessary. The Supreme Court in Phœnix Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707, discussing this question say:

"Four tests are laid down by which to determine the identity of the causes of action:   (1) Would a recovery had upon the original bar a recovery under the amended petition?   (2) Would the same evidence support both of the pleadings?   (3) Is the measure of damages the same in each case?   (4) Are the allegations of each subject ·to the same defenses?   *   *   * We are of opinion that the second and last furnish the best test by which to determine the matter before ' us, and we can safely say that if the same testimony would not support the allegations in each of these pleas, and that the same defenses could not be interposed to each of them, they are not identical, and therefore the amended petition presents a new cause of action."

. Seb, also, Warnock v. Mills (Tex. Com. App.) 291 S. W. 850, and Reclamation Co. v. Simmons (Tex. Civ. App.) 293 S. W. 197.

. The case last cited is very similar to the instant case both as to the facts and as to the pleas of the appellants in that suit. ' We

think there can be no question but that both the amended petitions above quoted from present the same cause of action; the latter being merely an amplification of the matters pleaded in the former. The cause of action asserted was on the debt incurred when the Houston Finance Corporation borrowed the money from the bank. The notes evidencing same merely renewed from time to time and extended the date of payment without in any manner affecting the liability of the parties on the original obligation. The pleadings of both petitions clearly disclose that no payment of said debt was ever made, no novation effected, and that the original debt was the real cause of action asserted in both.

[2] It is not controverted by appellants that the Houston Finance Corporation was a partnership, nor that the certificate holders were liable as partners for unpaid debts incurred by it prior to February 25, 1922. All questions as to that are foreclosed by the decision of the Supreme Court in Thompson .v. Schmitt, 115 Tex. 53, 274 S. W. 554, wherein a similar declaration of trust was involved. See, also, Wells v. Mackay Telegraph-Cable Co. (Tex. Civ. App.) 239 S. W. 1006.

Under the above-announced conclusion on the issue of limitation, it is unnecessary to pass upon the question as to whether or when said partnership, doing business as the Houston Finance Corporation, was dissolved or merged with the Texas Finance Corporation.

[3] The contention is also made by some of the appellants (there are four separate briefs filed by different appellants) that appellee, as indorsee, did not own said indebtedness and collateral security, but that he merely sued thereon for the use and benefit of the Public National Bank. That question,. however, is immaterial. It has long been well settled that one who has the legal title to a note may sue in his own name, though the equitable title lbe in another, unless the defendant have a defense against one which he could not urge against the other. No such condition existed in the instant case. El Paso Townsite ·Co. v. Watts (Tex. Civ. App.) 227 S. W. 711; Russell v. Bank (Tex. Civ. App.) 2 S.W.(2d) 961.

Being of the opinion that the certificate holders, or members of said partnership, were liable as partners for the debt sued upon the matter of the guaranty contract executed by three members of said partnership to the Public National Bank, securing the debts of the partnership, also becomes immaterial.

[4] The appellant Wiley seeks to avoid liability as a partner on the ground that he inherited his stock in said partnership, and was not therefore personally liable for the debts ·of the concern, but that the creditor's remedy should have been to enforce a lien against the property so inherited, citing Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931. Said appellant's proposition is correct, but not applicable to the facts of this

case. If the debt in question had existed as a charge against the Houston Finance Corporation at the time Wiley inherited his stock, he would not be personally liable thereon. However, he became the owner of said stock on July 30, 1921. The debt sued upon was not incurred until January 28, 1922. Meantime said Wiley had asserted his ownership of said stock, had been recognized as its owner by the partnership, and had received dividends thereon up to December 31, 1921. Having thus participated in the business of the partnership after he became such owner, having been recognized as such, and having claimed the benefits accruing to the partnership subsequent to the date he acquired his interest, he was, we think, chargeable also with the liabilities thereof incurred subsequent to such time. Miller v. Marx & Kempner, 65 Tex. 133. The provisions of article 3314, R. S. 1925, brought forward without change since 1879, which the court had under consideration in Blinn v. McDonald, has no application here.

[5] A further question is separately presented by appellant A. W. Taber, receiver of the Texas Finance Corporation, who intervened in the court below. It arose as follows:

On January 12, 1923, appellee, plaintiff below, applied for garnishment against the Public National Bank. On February 23, 1923, said bank answered that H. E. Byrne and R. E. Morris, defendants, owned 25 shares of stock in said garnishee bank of the par value of $2,500, but that garnishee was informed and believed that said stock was paid for by, and was in fact the property of, the Houston Finance Corporation. The trial court so found and found further that said Houston Finance Corporation had never assigned same, that the Texas Finance Corporation had never acquired nor owned any right or interest therein, but that said receiver held same unlawfully, and ordered said stock sold and the proceeds applied on the debt sued upon herein, and granted other relief not material here.

We cannot sustain all of the trial court's findings of fact nor conclusions of law on this issue. The evidence clearly shows that said bank stock was paid for by and was to be the property of the Houston Finance Corporation, though issued to Morris and to Byrne individually. The 20 shares issued to Morris were indorsed in blank by him on April 27, 1922. That issued to Byrne bore an undated indorsement in blank. No transfer of said stock by either appeared on the books of the Public National Bank. The trial court obviously based its findings in part at least on the further finding that the Houston Finance Corporation was never dissolved or merged with the Texas Finance Corporation. We do not pass upon that issue here. Irrespective of this, however, we think the evidence conclusively shows that, long prior to the date said garnishment was applied for, the Houston Finance Corporation had turned over to the Texas Finance Corporation practically all of its assets, including said stock, and the Texas Finance Corporation had assumed and undertaken to discharge its liabilities. The holders of practically all of the certificates of stock in said Houston Finance Corporation had surrendered same to the Texas Finance Corporation and had accepted in lieu thereof shares of stock in the Texas Finance Corporation. It showed also that, long prior to said application for garnishment, the Texas Finance Corporation had, pursuant to its assumption of the Houston Finance Corporation's debts, paid off and discharged more than $40,000 of the latter's obligations. We find no allegation or proof that Byrne and Morris transferred said bank stock to the Texas Finance Corporation for the purpose of defrauding creditors; on the contrary, the Texas Finance Corporation, as a part of the consideration therefor assumed, undertook to pay, and did pay, large debts of the Houston Finance Corporation. The ownership of said shares of stock in the Public National Bank was clearly vested in the Texas Finance Corporation prior to the date of said application for garnishment, and, consequently, no lien thereon could have been fixed by said garnishment in favor of appellee.

It follows then that the judgment of the trial court, in so far as it undertakes to establish and foreclose a lien on said 25 shares of stock of the Public National Bank, which were held and claimed by A. W. Taber, receiver of the Texas Finance Corporation, is reversed, and judgment here rendered in favor of said A. W. Taber, receiver, awarding to him, as such receiver, title to said shares of stock. In all other respects the judgment of the trial court is affirmed.

Reversed and rendered in part, and in part affirmed.