### HONEA, Sheriff, et al. v. GRAHAM et al.
#### No. 4215.

Court of Civil Appeals of Texas. Amarillo.
Nov. 22, 1933.

Rehearing Denied Jan. 8, 1934.

Cooper & Lumpkin, of Amarillo, for appellants.

Geo. S. McCarthy and Otis Trulove, both of Amarillo, for appellees.

HALL, Chief Justice.

W. T. and W. A. Graham of Briscoe county, instituted this proceeding in the district court of that county complaining of N. R. Honea, sheriff of Briscoe county, and J. B. Latham, who resides in Potter county.

They alleged that heretofore an order of sale had been issued in cause No. 10194 upon the docket of the district court of the One Hundred Eighth district in Potter county, styled J. B. Latham v. W. T. Graham et al. That the order of sale directed the sheriff of Briscoe county to seize and sell certain real estate situated in the city of Silverton

in said county and particularly described in the petition. The order of sale further directed the sheriff to sell all the improvements situated upon said lots, together with the machinery, tools, and appliances of every kind and character connected with the elevators situated thereon. That the said defendant N. R. Honea, as sheriff, is threatening to advertise said property in a newspaper published in Silverton, for sale under said writ on the first Tuesday in November, 1933, to satisfy the judgment rendered in the above-mentioned cause in the district court of Potter county in the sum of $5,304.55, with interest and costs. That the defendants are unable to pay said judgment and that their property, if sold under said order of sale, would probably sell for less than its reasonable market value and less than its intrinsic value. That the lien foreclosed in the above-mentioned cause was not procured for the purpose of securing in part or in whole any indebtedness for money or property procured by misrepresentation, fraud, defalcation, or embezzlement. That the sale of said property would result in an unfair, unjust, and inequitable financial injury to the plaintiffs. That said property is not being wasted, ill treated, mismanaged, or destroyed and is in substantially as good condition as when the lien was first executed and that the plaintiffs have not, with the intent to default or delay the collection of the indebtedness or the enforcement of the lien, dissipated the property or the rents and revenues heretofore derived therefrom. That plaintiffs are not in arrears in the payment of taxes for more than four years since February 1, 1922. That the plaintiffs consent to the appointment by the court of a disinterested party to collect all rents and revenues from the property which is sought to be sold during the period of postponement or continuance or stay of order of sale and apply the same as a credit on the indebtedness or deposit the same in the registry of the court to await the final disposition of the case or to use, apply, or dispose of the rents as the court may direct without the appointment of a disinterested party to collect the same. That the advertising of said property for sale in a newspaper will injure the credit and standing of plaintiffs and embarrass and humiliate them, even though such sale is stayed. That the defendant Honea is about to advertise such property for sale under said order of sale and will advertise the same and sell said property unless restrained, to plaintiffs' irreparable injury, for the reasons hereinbefore set out. That plaintiffs have no adequate remedy at law for the stay and postponement of the sale. The prayer is for a temporary writ of injunction restraining Honea from advertising and selling the property and restraining Latham from further proceedings under the judgment and that on final hearing the injunction be made perpetual or that said sale be stayed or postponed for a period of 180 days.

Upon presentation of the petition to the Honorable Kenneth Bain, judge of the district court of Briscoe county, on the 11th day of October, 1933, in chambers, the following order was made: "The within petition having been presented to and heard by the Judge of the 110th District Court of Briscoe County, Texas, in chambers at Floydada, Texas, this the 11th day of October, 1933, and it appearing to him from the facts stated therein that the applicants are entitled to a writ of injunction as therein sought, it is accordingly ordered that the Clerk of the District Court of Briscoe County, Texas, issue a writ of injunction in all things as prayed for in such petition upon the complainants executing to the adverse party a bond with two or more good and sufficient sureties in the sum of $300.00 conditioned as the law requires."

■ This order was made upon inspection of the petition without notice to the opposite parties and without a hearing, or the introduction of any testimony. Under such circumstances, the court could grant only a temporary restraining order.

■ However, the whole proceeding is null and void. The general rule is one district judge cannot by injunction stay proceedings for the collection of a judgment or restrain a levy of an execution based upon such judgment or prevent the sale of specific property decreed to be sold to satisfy said judgment, when such judgment is rendered in the court of another district judge. This is the general rule. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063 (12, 13, 18); Chapman Milling Co. v. Yakey (Tex. Civ. App.) 51 S. W.(2d) 639; State v. Epperson, 121 Tex. 80, 42 S.W.(2d) 228; 11 Tex. Jur. 789, § 60; Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 273 S. W. 806; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040; Switzer v. Smith (Tex. Com. App.) 300 S. W. 31, 68 A. L. R. 377; Id. (Tex. Civ. App.) 293 S. W. 850.

R. S. art. 4656 provides that writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending or such judgment was rendered.

R. S. art. 1995, subd. 17, provides: "Suits to enjoin the execution of a judgment or to stay proceedings in any suit shall be brought in the county in which such judgment was rendered or in which such suit is pending."

These requirements are held to be jurisdictional. Switzer v. Smith, supra; Friedrich v. Brand (Tex. Civ. App.) 28 S.W.(2d) 279; Murph v. Bass (Tex. Civ. App.) 276 S. W. 767; Long v. Martin (Tex. Civ. App.) 260 S. W. 327.

R. S. art. 4643 provides that no district judge shall grant a writ of injunction returnable to any other court than his own, except in the three particulars mentioned in said article. The first is where the resident judge cannot hear and act upon the application by reason of his absence, sickness, inability, inaccessibility, disqualification, or refusal to act and these facts must be set out in the application or in an affidavit accompanying the same and, if such judge refuses to act, such refusal shall be indorsed by him on such writ with his reasons therefor. Under the second subdivision, where it is sought to stay execution or restrain foreclosure, the nonresident .judge may grant a writ when satisfactory proof is made to him that it is impracticable for the applicant to reach the resident judge and procure his action in.time to effectuate the purpose of the application, and the third subdivision provides that the nonresident judge may grant the writ when the resident judge cannot be reached by the ordinary and available means of travel and communication in sufficient time to effectuate the purpose of the writ sought. These facts must be made to appear by affidavit. The petition in this case fails to comply in any particular with the provisions of this article.

The proceeding is instituted under the Acts of the 43d Legislature, page 225, chapter 102 (Vernon's Ann. Civ. St. art. 2218b), commonly known as the Moratorium Act. It was enacted by the Legislature in an effort to postpone the collection of debts by suits, foreclosure of liens, sales by trustees, etc., for 180 days during what is called the depression. Section 3 of the act (Vernon's Ann. Civ. St. art. 2218b, § 3), provides: "The Judge or Court having jurisdiction of the subject matter, is hereby authorized to grant temporary injunctions at the instance of the debtor to prevent a sale of real property under execution, orders of sale of real property or under deeds of trust conveying lands as security for debt upon the same terms and conditions as is authorized by Section 1 of this Act and during the life of this Act."

The appellee insists that Judge Bain had the right to grant the injunction because the property, being situate in Briscoe county, he had "jurisdiction of the subject-matter" as provided in said section. We cannot assent to this contention.

It is said in 15 C. J. 729, § 21: "Jurisdiction of the subject-matter means not simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs."

Id., § 35: "Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action; and, as used in the constitutions and statutes, the word 'jurisdiction' means jurisdiction as to subject-matter only, unless an exception arises by reason of its employment in a broader sense."

Gulf, T. & W. Ry. Co. v. Lunn et al. (Tex. Civ. App.) 141 S. W. 538, quoting the above rule from 11 Cyc. 699, cites also 17 A. & E. Ency. (2d Ed.) 1060; Freeman on Judgments, 135; Black on Judgments, 241; State v. Neville, 110 Mo. 345, 19 S. W. 491; Caruthers v. Harnett, 67 Tex. 127, 2 S. W. 523.

Giving the words "having jurisdiction of the subject-matter" the same meaning as that given in the above authorities, the judge of the One Hundred Tenth judicial district clearly had no authority of the subject-matter and could not legally grant the injunction. The judge of the One Hundred Eighth district, out of whose court the execution was issued, had jurisdiction to render the judgment and we must assume that the Legislature. in using the words "jurisdiction of the subject-matter" used them according to their generally accepted legal meaning. Cohen v. State, 53 Tex. Cr. R. 422, 110 S. W. 66; Scott v. State (Tex. Cr. App.) 110 S. W. 69; Turner v. Cross, 83 Tex. 218, 18 S. W. 578, 15 L. R. A. 262. The act in question does not, therefore, deprive the judge of the One Hundred Eighth district of the statutory right to pass upon the application for the injunction.

Numerous other questions are presented by the other parties to the suit which, under the view we take of the case, it will not be necessary to decide.

Because the writ is void for the want of jurisdiction, the injunction is dissolved and the proceeding is dismissed.