**HAYNES et ux. v. RIPPETOE,**
County Judge.

No. 2599.

Court of Civil Appeals of Texas. Eastland.
June 20, 1947.

Rehearing Denied July 16, 1947.

Holmes & Nicholson, of Comanche, for appellants.

O. E. Rippetoe, of Comanche, for appellee.

LONG, Justice.

W. C. Mixon brought suit in the Justice Court of Comanche County, against relators, S. R. Haynes and wife, to recover a real estate dealer's commission in the sum of $35. Relators reside in Erath County and duly filed a plea of privilege to be sued in the county of their residence. Such plea being overruled, an appeal was taken by relators to the County Court of said county and upon a hearing had before such court, the plea of privilege was again overruled. Relators filed, in this court, a motion for leave to file a petition for mandamus requiring the County Judge of Comanche County to sustain such plea of privilege and transfer the cause to Erath County. We denied this motion and our reasons therefore are set out in the case of Haynes et ux. v. Rippetoe, 198 S. W.2d 768. Respondent, thereafter, filed in the District Court of Comanche County, an original application for a Writ of Mandamus seeking the same relief. The District Court denied such application. From such order, relators have appealed to this court.

The District Judge, in his order denying the application for a Writ of Mandamus, gave as his reasons therefor the following:

"1. The District Court is without power to issue the Writ of Mandamus to revise the judgment of an inferior court over which it has no appellate control. (Ewing v. Cohen, 63 Tex. 482). It appearing from said application that this is a suit originating in the Justice Court and from there appealed to the County Court and the matter in controversy being of the value of $100.00, it is apparent that an appeal therefrom would not lie to the District Court; hence this court would not have jurisdiction.

"2. The District Court is without power to issue the Writ of Mandamus to compel the performance of an act by an inferior court that requires the exercise of judicial discretion, but only acts which are purely ministerial. Passing upon a controverted plea of privilege is an act involving judicial discretion; and if the controversy was one that could be appealed to the District Court, the court should not issue the Writ of Mandamus to compel the performance of an act involving judicial discretion. (Jefferson v. Scott, Tex.Civ.App., 135 S.W. 705.)"

We believe that the District Judge made a correct application of the law to the facts in this case. It is well settled that mandamus cannot be used to control judicial discretion. In this case, the County Judge had before him a plea of privilege that was duly controverted. He heard the pleadings and the evidence and determined that such plea should be overruled. In passing upon this question and in overruling such plea of privilege, he was not performing a ministerial act, but on the contrary, was performing a judicial act that involved judicial discretion. This being true, mandamus can not be invoked to disturb his judgment even though it should be determined that the order as entered was erroneous. The District Judge, in denying the application for Writ of Mandamus, followed the commendable practice of setting out in his order the authorities upon which he relied, to wit: Ewing v. Cohen, 63 Tex. 482; Jefferson v. Scott et al., Tex.Civ.App., 135 S.W. 705. There are many other authorities that might be cited on this question but we believe that the above are sufficient. We sustain the action of the District Judge in refusing the application for writ of mandamus. The District Court had no jurisdiction over this cause, hence this court acquired none by reason of the appeal. Therefore, the appeal is dismissed.

Appeal dismissed.