**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,**

v.

**Bobby J. SIMECEK, Appellee.**

**No. 07–82–0003–CV.**

Court of Appeals of Texas, Amarillo.

Sept. 27, 1983.

Rehearing Denied Oct. 12, 1983.

Cecil Kuhne, Crenshaw, Dupree & Milam, Lubbock, for appellant.

Gerald Huffaker, Huffaker & Green, Tahoka, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Bobby J. Simecek brought this action to mature an award by the Industrial Accident Board on his claim for worker's compensation. Answering his action, American Motorists Insurance Company claimed that the award should not be matured because it had timely filed an appeal of the award and that such appeal was then pending on the court's docket. After a bench trial on stipulated facts, the court determined that American Motorists had failed to timely bring suit to set aside the award within twenty days after giving notice to the Board of its intention to appeal and rendered judgment for Simecek maturing the award. American Motorists appeals from that judgment. On appeal, the sole issue for our determination is whether American Motorists timely filed its appeal of the award under Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp.1982) within twenty days after giving notice of intent not to abide by the award. Answering the question in the affirmative, we reverse and render.

In pertinent part, section 5 of article 8307 provides:

*Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred (or, if such employee is deceased, then in the county where the employee resided at the time of his death), to set aside said final ruling and decision.* (Emphasis added.)

In this instance, the pertinent sequence of events is:

(1) Simecek filed his claim for compensation with the Industrial Accident Board.

(2) On 5 January 1981, the Board rendered its final ruling and award.

(3) On 23 January 1981 (within twenty days from the award date), American Motorists filed with the Board its notice of intention not to abide by the award.

(4) On 9 February 1981 (within twenty days from 23 January 1981), American Motorists placed its original petition to set aside the award with one copy in the United States mail service in an envelope addressed to Carl Cedarholm, District Clerk, Garza County Courthouse, Post, Texas (the court's clerk) with adequate first-class postage.

(5) On 13 February 1981 (the 21st day after the 23rd January notice to the Board), the court's clerk received American Motorists' original petition to set aside the Board's award through the U.S. mail, filed the petition on that day, and gave the action cause number 3562.

(6) On 18 June 1981, Simecek filed his action to mature the Board's award, which resulted in the judgment appealed from by American Motorists.

Relying on *Ward v. Charter Oak Fire Ins. Co.,* 579 S.W.2d 909 (Tex.1979), American Motorists claims its suit to set aside the Board's award was timely filed because its original petition was mailed within twenty days after notice to the Board with adequate first-class postage (*i.e.* on 9 February 1981) and was received and filed by the court's clerk on 13 February 1981 (*i.e.* within ten days from 12 February 1981, the date the twenty-day period expired after notice to the Board).

In determining whether the claimant's notice not to abide by the Board's award was timely filed, the court in *Ward* concluded:

> [I]f the notice of intention to appeal from a ruling of the Industrial Accident Board is sent to the Board by first-class United States mail in an envelope or wrapper properly addressed and stamped, and the notice is deposited in the mail one day or more before the expiration of the twenty-day statutory period and received by the Board not more than ten days after the expiration of the statutory period, then the notice shall be deemed timely filed.

The rationale for the decision was: (1) to provide a liberal construction of the Worker's Compensation Act to effectuate the remedies which it grants, and (2) to provide a uniform construction of section 5, article 8307 which coincides with the notice provisions of Rule 5 of the Texas Rules of Civil Procedure.

Simecek contends that we should not apply the *Ward* rule to the "bring suit" provision of section 5, article 8307 because that provision is a jurisdictional limitation period. To support his position, he primarily relies on a statement in *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 680 (Tex. 1979), where the court said:

> The rule is firmly established that the twenty-day period for filing a petition is mandatory and jurisdictional. Failure to file within the statutory period leaves the court without jurisdiction over the case. *Clawson v. Texas Employers Insurance Ass'n,* 475 S.W.2d 735, 737–738 (Tex. 1972); *Richards v. Consolidated Underwriters,* 411 S.W.2d 436 (Tex.Civ.App.— Beaumont 1967, writ ref'd); *Oilmen's Reciprocal Ass'n v. Franklin,* 116 Tex. 59, 286 S.W. 195 (1926); *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926). (Emphasis added.)

In *LaCoke,* the court determined that a party's suit to set aside the Board's award was constructively received by the court's clerk when the party's petition was delivered to the mail room at the courthouse and, therefore, within the effective control of the clerk within the prescribed twenty-day period. Thus, the court stated: "[t]here is no need to adopt the *Ward* approach in the case at bar."

An analysis of the cases cited for the above quoted statement from *LaCoke* shows that prior to the decision in *Ward,* the courts of this state consistently held that four matters were essential to the trial court's jurisdiction in worker's compensation cases. Those four essential matters were: (1) that a proper application for a compensable injury under the Act was made to the Industrial Accident Board; (2) that a final award thereon was made by the Board; (3) that an interested party gave notice of intent not to abide by the award within twenty days from the date of the award; and (4) the filing of suit to set aside the award within twenty days from the date of notice not to abide by the award. On the rationale stated above, the court in *Ward* relaxed the strictness of the rules as applied to notice of intention not to abide by the award. *See LaCoke* at 680.

In the present case, we are persuaded that there is no logical reason why the *Ward* rationale should not apply to the

"bring suit" provision of section 5, article 8307. Consequently, we conclude that if an interested party's petition to set aside the award of the Board is sent to the clerk of the proper court by first-class United States mail in an envelope or wrapper properly addressed and stamped and that petition is deposited in the mail one day or more before the expiration of the twenty-day "bring suit" statutory period and received by the clerk not more than ten days after the expiration of the statutory period, then the suit to set aside the Board's award shall be deemed timely filed. In this instance, under the stipulated facts, American Motorists complied with that rule.

The judgment of the trial court is reversed and judgment is hereby rendered that Simecek take nothing by his suit to mature the award of the Industrial Accident Board.