950 S.W.2d 175 (1997)
P.R.I.D.E., Appellant,
v.
TEXAS WORKERS' COMPENSATION COMMISSION and Fidelity & Casualty Company of New York, Appellees.
No. 03-96-00520-CV.
Court of Appeals of Texas, Austin.
July 24, 1997.
*176 Christopher B. Mosley, Hurst, for Appellant.
Christopher J. Ameel, Harris & Harris, Austin, for Fidelity.
Dewey E. Helmcamp, III, Assistant Attorney General, General Counsel Division, Austin, for Texas Workers' Compensation.
Before POWERS, JONES and KIDD, JJ.
KIDD, Justice.
In a contested-case proceeding, an administrative law judge for the State Office of Administrative Hearings issued a final order (the "Order")[1] in a Texas Workers' Compensation medical-reimbursement dispute between P.R.I.D.E. and Fidelity & Casualty Company of New York. P.R.I.D.E. petitioned the district court for judicial review of the Order. Finding that P.R.I.D.E.'s petition was not timely filed, the district court dismissed the cause for want of jurisdiction. We will affirm the district court order of dismissal.

THE CONTROVERSY
P.R.I.D.E. is a company that provides medical and rehabilitation services to workers' compensation claimants. On February 26, 1996, the Order denied P.R.I.D.E. reimbursement for services rendered to a particular workers' compensation claimant. P.R.I.D.E. received the Order on March 5, 1996. On March 26, 1996, P.R.I.D.E. prepared a petition for judicial review and, via the United States Postal Express Mail Service, sent its petition to the Travis County District Clerk for filing. P.R.I.D.E. did nothing further to determine that the district clerk had actually received the petition.
P.R.I.D.E. alleges that, on May 22, 1996, a postal clerk presented to P.R.I.D.E.'s counsel the Express Mail package containing the original petition which was unopened and had never been delivered. After inexplicably waiting over a week, on May 30, 1996, P.R.I.D.E. filed with the Travis County District Clerk its Original Petition along with a motion to extend time to file its original petition. In response, both the Commission and Fidelity filed a Plea to the Jurisdiction and Original Answers. They asserted that the district court did not have jurisdiction because P.R.I.D.E. failed to timely file its original petition. After a hearing on the jurisdictional question, the district court granted the plea to the jurisdiction, denied P.R.I.D.E.'s motion to extend time to file its original petition, and dismissed the cause with prejudice. P.R.I.D.E. appeals.

DISCUSSION
The Order in this case became final on the date it was received by P.R.I.D.E., March 5, *177 1996. P.R.I.D.E. then had thirty days from that date to seek judicial review by filing an original petition in a Travis County District Court. See Tex. Gov't Code Ann. § 2001.171,.176 (West Supp.1997). The Commission and Fidelity contend that on the thirty-first day the district court lost jurisdiction to hear the case because P.R.I.D.E. failed to file timely its original petition. P.R.I.D.E., on the other hand, contends that relevant case law indicates that a petition may be deemed timely filed in a workers' compensation case when one relies on the United States mail service to deliver the petition to the clerk of the district court and, through no fault of the party, delivery is untimely.
Relevant case law does indicate that in some situations the court is willing to deem a petition timely filed even though it does not reach the district court by the statutorily required deadline. See Ward v. Charter Oak Fire Ins. Co., 579 S.W.2d 909, 910 (Tex.1979); American Motorists Ins. Co. v. Simecek, 657 S.W.2d 927, 929-30 (Tex.App.Amarillo 1983, writ ref'd). The court in American Motorists concluded that, if an interested party's petition to set aside the award of the Industrial Accident Board (now the Workers' Compensation Commission) is: (1) sent by first-class United States mail; (2) in an envelope or wrapper; (3) properly addressed and stamped; (4) the notice is deposited in the mail one day or more before the expiration of the "bring suit" statutory period; and (5) received by the district court not more than ten days after the expiration of the statutory period, then the petition shall be deemed timely filed. American Motorists Ins. Co., 657 S.W.2d at 929-30.
Assuming the law construing a repealed provision of the Worker's Compensation Act applies to the time limits imposed by the Administrative Procedure Act (APA), P.R.I.D.E.'s petition under the circumstances was not timely filed. Unlike the petitions in the cases cited, P.R.I.D.E.'s petition did not arrive within the ten-day grace period allowed by those cases. P.R.I.D.E.'s petition did not arrive at the district court until May 30, 1996, fifty-six days after the date prescribed by the APA and forty-five days after the ten-day extension provided for in Ward and American Motorists.
Even if the petition is deposited in the United States mail one day or more before the expiration of the thirty-day statutory period, "the clerk must still receive the document within ten days to perfect the filing.... The cautious practitioner would benefit by making doubly sure that the clerk actually receives a copy within ten days." Cf. Stokes v. Aberdeen Ins. Co., 917 S.W.2d 267 (Tex. 1996) (construing the requirements of Texas Rule of Civil Procedure 5). P.R.I.D.E. did not exercise such caution and allowed more than one month to pass without ensuring that the district clerk had received its petition. P.R.I.D.E. asks us to extend the filing deadline indefinitely. This we are unwilling to do. Because P.R.I.D.E. did not exercise due diligence in seeking judicial review, the equities present in Ward and American Motorists are not present here. Accordingly, we overrule P.R.I.D.E.'s sole point of error.[2]
However, because the district court was without jurisdiction to hear this cause, it could not reach the merits of P.R.I.D.E.'s petition and, therefore, it could not dismiss the cause with prejudice. Accordingly, we modify the district court's order to strike the words "with prejudice" and, as modified, affirm the district court's order.
POWERS, Justice, concurring.
I agree the district court was without "jurisdiction," albeit on a different ground.

QUESTIONS OF JURISDICTION
Jurisdiction is a comprehensive word having several distinctions. One of the most basic is a distinction between subject-matter jurisdictionthe power to hear and determine a general class of cases to which a particular case belongsand a power to hear and determine a disputed issue within the particular case itself. See Honea v. Graham, *178 66 S.W.2d 802, 804 (Tex.Civ.App.1934); City of El Paso v. Madero Development, 803 S.W.2d 396, 399 (Tex.App.El Paso 1991, writ denied); Bullock v. Briggs, 623 S.W.2d 508, 511 (Tex.App.Austin 1981, writ ref'd); 21 C.J.S. Courts § 10 (1990); 20 Am.Jur.2d Courts § 55 (1995). When a trial court lacks subject-matter jurisdiction, the proper decision on appeal is to declare that fundamental error and dismiss the action, reversing the trial court judgment if necessary without further consideration of the particular case. Id.
The majority proceed on a different theory. They decide whether the trial court erroneously determined an issue in the particular case while deferring, as unnecessary to decide, the question of whether the trial court possessed subject-matter jurisdiction. This theory and manner of proceeding is not something within our power to do as an appellate court. If the trial court lacked subject-matter jurisdiction, we acquire none on appeal because "the whole proceeding" in the trial court "is null and void." Honea, 66 S.W.2d at 803; see Haynes v. Rippetoe, 203 S.W.2d 628, 629 (Tex.Civ.App.Eastland 1947, writ ref'd n.r.e.). Lacking subject-matter jurisdiction on appeal, we cannot decide whether the trial court's determination of an issue within a particular case is erroneous or not, such as the trial-court determination in this instance that P.R.I.D.E. failed timely to file its suit for judicial review.
The force of the foregoing rules is augmented in the present case. P.R.I.D.E.'s petition sets forth a purported statutory cause of action by which the trial court is required to review and decide the legal correctness of a decision emanating from the Commission, an administrative agency within the executive department of state government. "A proceeding of this type is a special one brought under statutory power to enforce a statutory cause of action in derogation of the common law, and there can be no presumption of [subject matter] jurisdiction." Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1089 (1926) (emphasis added).
For the reasons given below, I conclude the applicable statutory and constitutional provisions do not invest a district court with power to hear and determine P.R.I.D.E.'s purported cause of action. And because the issue affects the Commission and others that are or may be involved in like proceedings before the Commission, I believe it doubly necessary in the public interest to decide the question of subject-matter jurisdiction, even were we not bound to do so by the authorities cited above.

SUBJECT-MATTER JURISDICTION IN THE PRESENT LITIGATION
It is axiomatic that unless a valid statute confers the power, a district court is powerless to review, for legal correctness, an action taken by an administrative agency, save in instances where it is alleged that the action injured the plaintiff in a constitutionally protected interest, in violation of constitutional requirements. See, e.g., Firemen's & Policemen's Civil Service Comm'n v. Blanchard 582 S.W.2d 778, 778-79 (Tex.1979); Stone v. Texas Liquor Control Bd., 417 S.W.2d 385, 385-86 (Tex.1967). P.R.I.D.E. makes no constitutional claim. The issue reduces to whether a valid statute confers upon the district court a power to review and award relief respecting the final decision of the administrative law judge in this case.
Contested Cases in the Commission.
The Workers' Compensation Act (Labor Code Title 5, Subtitle A) establishes two different kinds of adjudicative proceedings within the Commission. Tex. Labor Code Ann. §§ 401.001 et seq. (West 1996) (the Act). The first involves disputes arising from claims for compensation or death benefits resulting from injury or death suffered by an employee covered by the Act. These disputes are resolved informally, where possible, through benefit-review conferences or arbitration. If not resolved informally, these disputes are adjudicated through contested cases conducted by a hearing officer in the Commission's Division of Hearings. The hearing officer's decision is subject to administrative appeal to the Commission's appeals panel. See Act §§ 410.169, .202-.205.
The second kind of adjudicative proceeding within the Commission encompasses all other disputes arising under the Actdisputes that are not claims for compensation or death *179 benefits. A dispute of this kind is decided through contested cases conducted by an administrative law judge employed by the State Office of Administrative Hearings. When the controversy involves extra-hazardous employment determinations under section 411.049, medical-dispute controversies under section 413.031 (as in the present case), or the assessment of administrative penalties under section 415.034, the administrative law judge is empowered to render a final decision adjudicating the controversy. In all other contested cases conducted by an administrative law judge, he or she issues a proposal for decision by Commission members. See Act § 402.073(a)-(c).
Judicial Review of Contested-Case Decisions in the Commission.
The Act provides for judicial review of appeals-panel decisions in contested cases involving claims for compensation or death benefits under Subchapter G of the Act. Act § 410.251. The Act also prescribes the applicable procedure for and manner of judicial review in such cases. They are akin to an ordinary civil suit, with certain important qualifications, in which factual issues are determined by a judge or jury according to a preponderance of the evidence introduced in the court proceeding. See Act §§ 410.301.306.
With respect to final decisions of administrative law judges employed by the State Office of Administrative Hearings, the Act authorizes suits for the judicial review of those decisions when they involve determinations of extra-hazardous employment or the imposition of administrative penalties. See Act §§ 411.049, 415.034. The Act contains no similar provisions authorizing judicial review of an administrative law judge's final decision, as in the present case, adjudicating a medical-dispute controversy under section 413.031.[1] And without a statutory provision of that kind, the district court was without subject-matter jurisdiction in the present case in which P.R.I.D.E. claims a right to sue for judicial review of an administrative law judge's final decision made under section 413.031.
Statutes That Do Not Create a Statutory Cause of Action and Resulting Jurisdiction.
P.R.I.D.E. contends section 410.255 of the Act creates subject-matter jurisdiction in the district court. It does not. That statute provides that for "all issues other than" those pertaining to claims for compensation or death benefits, "judicial review shall be conducted in the manner provided for judicial review of a contested case under" the provisions of the Administrative Procedure Act pertaining to substantial-evidence review. Act § 410.255 (emphasis added). The purpose of this statute is self-evident as indicated by the literal languageit is to invoke the judicial procedures and limited scope of review associated with substantial-evidence review as opposed to judicial review by trial de novo. See Administrative Procedure Act (A.P.A.), Tex. Gov't Code Ann. §§ 2001.174,.175 (West 1997). That is to say, judicial review is confined to the agency record, limited to questions of law, and directed at whether the plaintiff has been prejudiced by any of the legal errors specified in section 2001.174(2)(A)-(F) of the A.P.A. The purpose of section 410.255 of the Workers' Compensation Act is to state "the law under which review is sought," and thus to limit accordingly the scope of review allowed the district court. A.P.A. § 2001.172. Section 410.255 applies, of course, to contested cases in which an administrative law judge issues a final decision under section 411.049 (extra-hazardous employment) and § 415.034 (administrative penalties) because judicial review is authorized *180 in those instances. These statutes demonstrate the legislature's capacity to provide for judicial review when that body so intends.
P.R.I.D.E. suggests next that section 2001.171 of the A.P.A. creates the right of judicial review and the subject-matter jurisdiction necessary for the district court to decide the case. See A.P.A. § 2001.171 (West Supp.1997). We have previously rejected this contention. See, e.g., Employees Retirement Sys. of Tex. v. Foy, 896 S.W.2d 314, 316 (Tex.App.Austin 1995, writ denied); Southwest Airlines v. Texas High-Speed Rail Auth., 867 S.W.2d 154, 158 (Tex. App.Austin 1993, writ denied). Perhaps a further word is in order.
Section 2001.171 declares that a "person who has exhausted all administrative remedies... and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." A.P.A. § 2001.171. Generously construed, this language would empower an administrative agency to create district-court jurisdiction simply by electing to conduct a particular proceeding with the trial-type features set out in sections 2001.051-.417 of the A.P.A. See id. §§ 2001.051-.417. This cannot have been the legislature's intention because many agency proceedings are not reviewable at all by a court owing to the separation-of-powers doctrine embodied in the Texas Constitution. See, e.g., Gerst v. Nixon, 411 S.W.2d 350 (Tex.1966); Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427 (Tex.1963); Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699 (1959). The implication against such a literal interpretation is also necessary owing to the ambiguities inherent in the definition of a "contested case" set out in the A.P.A., which is "a proceeding ... in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." A.P.A. § 2001.003(1). This definition "bristles with undefined terms: `proceedings,' `legal rights,' `determined,' and `adjudicative hearing,'" resulting in an uncertainty exacerbated by the passive verb phrase "are to be determined." Robert W. Hamilton & J.J. Jewett, III, The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review, 54 Tex. L.Rev. 285, 286 (1976). The authors note that the ambiguity "invites potentially serious consequences by ushering an unknown and indeterminate number of agency proceedings into the contested case category." Id. at 289. By incorporating the ambiguity and resulting uncertainty into section 2001.171, that section renders itself incapable of conferring subject-matter jurisdiction upon the Travis County district courts under the separation-powers-doctrine and established rule that the legislature must give consent to sue the state in explicit language demonstrating a clear intention to do so. See City of LaPorte v. Barfield, 898 S.W.2d 288, 291 (Tex.1995). For these reasons, section 2001.171 of the A.P.A. cannot reasonably be construed as creating the right to sue for judicial reviewand subject-matter jurisdiction in the district courtwhenever an administrative agency chooses to decide a controversy through contested-case procedures.
For the reasons given above, I conclude the district court lacked subject-matter jurisdiction. I therefore concur on that ground alone in the dismissal of P.R.I.D.E.'s cause of action.
NOTES
[1] Under the new Texas Workers' Compensation Act, section 402.073 provides that, at the conclusion of certain contested-case hearings, the decision of the administrative law judge becomes the final order. See Tex. Lab.Code Ann. § 402.073(b) (West 1996); see also 28 Tex. Admin. Code § 148.22 (1996). A medical dispute such as the one presented here is one of that class of cases.
[2] The Commission raises for the first time on this appeal the argument that the district court lacked subject matter jurisdiction because the workers' compensation statute does not even extend to P.R.I.D.E. the right of judicial review in this type of dispute. Because we have determined that P.R.I.D.E.'s petition was untimely filed, we need not reach this issue.
[1] The Commission's rules recognize that not all cases in which an administrative law judge, employed by the State Office of Administrative Hearings, is authorized to make a final decision are subject to judicial review. Title 28 of the Texas Administrative Code, section 148.22, provides that a party dissatisfied with a final decision rendered under section 411.049, 413.031, or 415.034 may seek judicial review "as provided by the Act. If judicial review is authorized by the Act, such review will be in accordance with the" A.P.A. See 28 Tex. Admin. Code § 148.22(i) (West 1996). The conditional language used in this section would be unnecessary if all final decisions rendered under that section were subject to judicial review. Compare 28 Tex. Admin. Code § 143.5(d), (e) (assuming right to judicial review); 28 Tex. Admin. Code § 145.23(h) (using absolute language to describe right to judicial review).