TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00520-CV







P.R.I.D.E., Appellant




v.




Texas Workers' Compensation Commission and


Fidelity & Casualty Company of New York, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 96-06219, HONORABLE DON B. MORGAN, JUDGE PRESIDING 







 In a contested-case proceeding, an administrative law judge for the State Office of
Administrative Hearings issued a final order (the "Order") (1) in a Texas Workers' Compensation medical-reimbursement dispute between P.R.I.D.E. and Fidelity & Casualty Company of New York. P.R.I.D.E.
petitioned the district court for judicial review of the Order. Finding that P.R.I.D.E.'s petition was not
timely filed, the district court dismissed the cause for want of jurisdiction. We will affirm the district court
order of dismissal.


THE CONTROVERSY


 P.R.I.D.E. is a company that provides medical and rehabilitation services to workers'
compensation claimants. On February 26, 1996, the Order denied P.R.I.D.E. reimbursement for services
rendered to a particular workers' compensation claimant. P.R.I.D.E. received the Order on March 5,
1996. On March 26, 1996, P.R.I.D.E. prepared a petition for judicial review and, via the United States
Postal Express Mail Service, sent its petition to the Travis County District Clerk for filing. P.R.I.D.E. did
nothing further to determine that the district clerk had actually received the petition.

 P.R.I.D.E. alleges that, on May 22, 1996, a postal clerk presented to P.R.I.D.E.'s counsel
the Express Mail package containing the original petition which was unopened and had never been
delivered. After inexplicably waiting over a week, on May 30, 1996, P.R.I.D.E. filed with the Travis
County District Clerk its Original Petition along with a motion to extend time to file its original petition. In
response, both the Commission and Fidelity filed a Plea to the Jurisdiction and Original Answers. They
asserted that the district court did not have jurisdiction because P.R.I.D.E. failed to timely file its original
petition. After a hearing on the jurisdictional question, the district court granted the plea to the jurisdiction,
denied P.R.I.D.E.'s motion to extend time to file its original petition, and dismissed the cause with
prejudice. P.R.I.D.E. appeals.

DISCUSSION


 The Order in this case became final on the date it was received by P.R.I.D.E., March 5,
1996. P.R.I.D.E. then had thirty days from that date to seek judicial review by filing an original petition
in a Travis County District Court. See Tex. Gov't Code Ann. § 2001.171, .176 (West Supp. 1997). The
Commission and Fidelity contend that on the thirty-first day the district court lost jurisdiction to hear the
case because P.R.I.D.E. failed to file timely its original petition. P.R.I.D.E., on the other hand, contends
that relevant case law indicates that a petition may be deemed timely filed in a workers' compensation case
when one relies on the United States mail service to deliver the petition to the clerk of the district court and,
through no fault of the party, delivery is untimely.

 Relevant case law does indicate that in some situations the court is willing to deem a petition
timely filed even though it does not reach the district court by the statutorily required deadline. See Ward
v. Charter Oak Fire Ins. Co., 579 S.W.2d 909, 910 (Tex. 1979); American Motorists Ins. Co. v.
Simecek, 657 S.W.2d 927, 929-30 (Tex. App.--Amarillo 1983, writ ref'd). The court in American
Motorists concluded that, if an interested party's petition to set aside the award of the Industrial Accident
Board (now the Workers' Compensation Commission) is: (1) sent by first-class United States mail; (2)
in an envelope or wrapper; (3) properly addressed and stamped; (4) the notice is deposited in the mail one
day or more before the expiration of the "bring suit" statutory period; and (5) received by the district court
not more than ten days after the expiration of the statutory period, then the petition shall be deemed timely
filed. American Motorists Ins. Co., 657 S.W.2d at 929-30.

 Assuming the law construing a repealed provision of the Worker's Compensation Act
applies to the time limits imposed by the Administrative Procedure Act (APA), P.R.I.D.E.'s petition under
the circumstances was not timely filed. Unlike the petitions in the cases cited, P.R.I.D.E.'s petition did not
arrive within the ten-day grace period allowed by those cases. P.R.I.D.E.'s petition did not arrive at the
district court until May 30, 1996, fifty-six days after the date prescribed by the APA and forty-five days
after the ten-day extension provided for in Ward and American Motorists.

 Even if the petition is deposited in the United States mail one day or more before the
expiration of the thirty-day statutory period, "the clerk must still receive the document within ten days to
perfect the filing. . . . The cautious practitioner would benefit by making doubly sure that the clerk actually
receives a copy within ten days." Cf. Stokes v. Aberdeen Ins. Co., 917 S.W.2d 267 (Tex. 1996)
(construing the requirements of Texas Rule of Civil Procedure 5). P.R.I.D.E. did not exercise such caution
and allowed more than one month to pass without ensuring that the district clerk had received its petition. 
P.R.I.D.E. asks us to extend the filing deadline indefinitely. This we are unwilling to do. Because
P.R.I.D.E. did not exercise due diligence in seeking judicial review, the equities present in Ward and
American Motorists are not present here. Accordingly, we overrule P.R.I.D.E.'s sole point of error. (2)

 However, because the district court was without jurisdiction to hear this cause, it could not
reach the merits of P.R.I.D.E.'s petition and, therefore, it could not dismiss the cause with prejudice. 
Accordingly, we modify the district court's order to strike the words "with prejudice" and, as modified,
affirm the district court's order.



 

 Mack Kidd, Justice

Before Powers, Jones and Kidd

Modified and, as Modified, Affirmed

Filed: July 24, 1997

Publish

1. Under the new Texas Workers' Compensation Act, section 402.073 provides that, at the conclusion
of certain contested-case hearings, the decision of the administrative law judge becomes the final order. 
See Tex. Lab. Code Ann. § 402.073(b) (West 1996); see also 28 Tex. Admin. Code § 148.22 (1996). 
A medical dispute such as the one presented here is one of that class of cases.
2. The Commission raises for the first time on this appeal the argument that the district court lacked
subject matter jurisdiction because the workers' compensation statute does not even extend to P.R.I.D.E.
the right of judicial review in this type of dispute. Because we have determined that P.R.I.D.E.'s petition
was untimely filed, we need not reach this issue.


, March 5,
1996. P.R.I.D.E. then had thirty days from that date to seek judicial review by filing an original petition
in a Travis County District Court. See Tex. Gov't Code Ann. § 2001.171, .176 (West Supp. 1997). The
Commission and Fidelity contend that on the thirty-first day the district court lost jurisdiction to hear the
case because P.R.I.D.E. failed to file timely its original petition. P.R.I.D.E., on the other hand, contends
that relevant case law indicates that a petition may be deemed timely filed in a workers' compensation case
when one relies on the United States mail service to deliver the petition to the clerk of the district court and,
through no fault of the party, delivery is untimely.

 Relevant case law does indicate that in some situations the court is willing to deem a petition
timely filed even though it does not reach the district court by the statutorily required deadline. See Ward
v. Charter Oak Fire Ins. Co., 579 S.W.2d 909, 910 (Tex. 1979); American Motorists Ins. Co. v.
Simecek, 657 S.W.2d 927, 929-30 (Tex. App.--Amarillo 1983, writ ref'd). The court