Gloria WARD, Petitioner,

v.

CHARTER OAK FIRE INSURANCE
COMPANY, Respondent.

No. B–7917.

Supreme Court of Texas.

Jan. 10, 1979.

Rehearing Denied Feb. 7, 1979.

Ralph C. Jones, of Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for petitioner.

David R. Noteware, of Thompson, Knight, Simmons & Bullion, Dallas, for respondent.

DENTON, Justice.

The sole question in this case is whether Gloria Ward filed timely notice of her intention to appeal from a ruling of the Industrial Accident Board, as required by Section 5 of Article 8307 of the Texas Revised Civil Statutes.[1] The trial court found that Ward had not filed timely notice and dismissed the cause for want of jurisdiction. The court of civil appeals affirmed. 567 S.W.2d 934. We reverse the judgments of the courts below and remand the cause to the trial court.

Charter Oak Fire Insurance Company issued a worker's compensation insurance policy covering Safeway Stores Incorporated's employees. The policy covered Gloria Ward. Following Ward's injury while working for Safeway, the Industrial Accident Board rendered a final ruling on June

1. Statutory references are to Vernon's Texas Civil Statutes Annotated.

28, 1977.[2] Ward mailed her notice of intention to appeal to the Board on July 12, fourteen days after the Board's ruling. The notice arrived at the Austin post office on July 15. The envelope containing the notice was returned to Ward on July 18, twenty days after the Board's ruling. The United States Post Office stamped the envelope "POSTAGE DUE 11¢" and "RETURNED TO SENDER ADDRESSEE REFUSES TO PAY POSTAGE DUE." Charter Oak Fire Insurance Company concedes that no postage was actually due and that the notice was therefore erroneously returned. Ward remailed the notice on July 18 and the notice was accepted by the Industrial Accident Board on July 20, two days after the expiration of the twenty-day filing period allowed by the Worker's Compensation Law.

▓ Section 5 of Article 8307 provides, in pertinent part:

Any interested party who is not willing and does not consent to abide by the final ruling and decision of [the Industrial Accident Board] shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision.

Section 5 has been strictly construed to mean that the above notice provision is not complied with when the notice is mailed and should have arrived at the Board within twenty days of the Board's ruling, but arrived late because of a mistake of the United States Post Office or because the twentieth day falls on a legal holiday. *Yancy v. Texas General Indemnity Co.,* 425 S.W.2d 683 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.); *Taylor v. Royal Indemnity Co.,* 276 S.W.2d 412 (Tex.Civ.App.—Galveston 1955, no writ); *Fidelity & Casualty Co. of New York v. Millican,* 115 S.W.2d 464 (Tex.Civ.App.—San Antonio 1938, writ ref'd). *Cf., American Motorist Insurance Co. v. Box,* 531 S.W.2d 401 (Tex.Civ.App.—

Tyler 1976, writ ref'd n. r. e.); *American General Insurance Co. v. Kohn,* 425 S.W.2d 688 (Tex.Civ.App.—Austin 1968, no writ); *Texas Employers' Insurance Ass'n v. Cook,* 55 S.W.2d 205 (Tex.Civ.App.—Waco 1932, no writ). The rationale underlying this statutory construction is that the United States Post Office is the agent of the party that selects the mail as the vehicle of delivery; therefore, any delay resulting from the Post Office's negligence is attributable to the sender. *See, e. g., American Motorists Insurance Co. v. Box, supra* at 405.

The above construction and rationale would lead to a harsh and inequitable result in this case. We are confronted with the fact that Gloria Ward, employing a method of giving notice that is almost universally recognized, deposited her notice of intention to appeal in the mail at a time when it should have reached the Industrial Accident Board within twenty days of the Board's ruling. Because of a Post Office mistake beyond Ward's control, the notice was not accepted by the Board until two days after the expiration of the twenty-day period. As a result, Ward has been denied her day in court.

▓ A full reading of the Worker's Compensation Law reveals that the Legislature did not intend this result. The Worker's Compensation Law is to be liberally construed to effectuate the remedies which it grants. *See Tate v. Standard Accident Insurance Co.,* 32 S.W.2d 932 (Tex.Civ.App.—Beaumont 1930, writ ref'd); *Travelers Insurance Co. v. Johnson,* 131 S.W.2d 242 (Tex.Civ.App.—Beaumont 1939, writ dism'd judgmt cor.). We therefore conclude that if the notice of intention to appeal from a ruling of the Industrial Accident Board is sent to the Board by first-class United States mail in an envelope or wrapper properly addressed and stamped, and the notice is deposited in the mail one day or more before the expiration of the twenty-day statutory period and received by the Board

2. All relevant dates fall within the year 1977.

not more than ten days after the expiration of the statutory period, then the notice shall be deemed timely filed. In the interest of uniformity, this construction of Section 5 of Article 8307 coincides with the notice provisions of Rule 5 of the Texas Rules of Civil Procedure. To the extent that any cases conflict with this construction of Section 5, they are overruled.

Since Gloria Ward mailed her notice within the twenty-day statutory period and it arrived at the Industrial Accident Board not more than ten days late, we hold that she complied with Section 5 of Article 8307. The judgments of the courts below are reversed and the cause is remanded to the trial court for further proceedings.

SPEARS, J., not sitting.