**Cruz O. TAMEZ, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 20274.**

Court of Civil Appeals of Texas, Dallas.

April 16, 1980.

Rupert M. Pollard, Dallas, for appellant.

Catherine A. Gerhauser, Burford & Ryburn, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

AKIN, Justice.

■ This is an appeal from an order dismissing a workers' compensation claim because notice of appeal was not timely filed with the Industrial Accident Board. Plaintiff contends that the dismissal was error because notice mailed on the twentieth day after the date of the Industrial Accident Board's award and received by the Board on the twenty-first day, was timely filed. We cannot agree and accordingly, affirm.

This litigation stems from an injury which appellant alleges was suffered in the course and scope of his employment with Western Electric, an insured under a workers' compensation insurance policy issued by the appellee. Subsequent to a notice of injury, a claim for compensation, and a hearing, the Industrial Accident Board denied appellant's claim on June 20, 1978. On July 10, the twentieth day, appellant mailed his notice of intent not to abide by the Board's decision. This notice was received by the Board on July 11. Appellant filed his original petition in the 101st District Court of Dallas County on July 26, 1978.

Summary judgment was granted appellee on the ground that the notice of intent not to abide by the Board's award was not timely and that failure to timely file the notice deprived the court of jurisdiction. This appeal followed.

■ Tex.Rev.Civ.Stat.Ann. art. 8307 § 5 (Vernon's Supp.1980) provides in part that, "[A]ny interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision." This provision, requiring that notice be filed within twenty days after the Board's final ruling, is mandatory and jurisdictional to a review of the Board's action in the district court. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926). Absent such notice, the Board's ruling is final and the district court has no jurisdiction to set that ruling aside. *Clawson v. Texas Employer's Insurance Association,* 475 S.W.2d 735, 738 (Tex.1972).

Appellant asserts, however, that he falls within the ambit of an exception to this rule as established by *Ward v. Charter Oak Fire Insurance Co.,* 579 S.W.2d 909 (Tex. 1979). In *Ward* the sole question was timeliness of the notice not to abide by the ruling of the Industrial Accident Board. Ward had mailed her notice 14 days after the Board's ruling but the Post Office erroneously returned the notice to Ward stamped "postage due 11¢." It was undisputed that the proper postage had been affixed and that the notice had been erroneously returned. Ward remailed the notice on the twentieth day after the Board's ruling and it was received by the Board two days after the twenty day period had expired. The Texas Supreme Court modified the prior strict construction of the twenty day rule and applied the standard of Tex.R. Civ.P. 5. *Id.,* at 911. The court held that because the notice had been sent by first class mail properly addressed and properly stamped and had been deposited in the mail *one day or more* before the expiration of

the twenty day period, and was received not more than ten days after the expiration of the statutory period, the notice was timely filed. *Id.*, at 910–911. As we understand the opinion, the first mailing on the fourteenth day rather than the second mailing on the twentieth day was held sufficient to satisfy the statute.

Appellant argues that because he mailed the notice on the twentieth day and it was received on the twenty-first day, he falls within the holding of *Ward*. We cannot agree. According to *Ward*, the construction of Section 5 of Article 8307 is to coincide with the construction of Tex.R. Civ.P. 5. 579 S.W.2d at 911. Under Tex.R. Civ.P. 5, the notice is not timely filed if it is mailed on the last day of the time period. In order to be timely filed the notice must be mailed by first-class mail, properly addressed and stamped, at least one day before the last day of the time period. *Angelina County v. McFarland*, 374 S.W.2d 417, 420 (Tex.1964). Thus in order to come within the provisions of Rule 5, a workers' compensation claimant must mail the notice of intent not to abide by the Board's ruling on or before the nineteenth day after that decision. Consequently, appellant's contention that *Ward v. Charter Oak Fire Insurance Co.* is controlling must be rejected. To fall within the ambit of *Ward*, a party must mail his notice of intent not to abide by the Board's decision at least one day before the twentieth day and that notice must be received by the Board within ten days after the twentieth day. Because the first requirement of *Ward* was not met, *Ward* does not apply and it is immaterial that appellant met the second requirement of *Ward*. Both requirements must exist before *Ward* is applicable.

Affirmed.