Anna Maria CAVAZOS, Appellant,

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 1904.

Court of Appeals of Texas,
Corpus Christi.

March 11, 1982.

David Bonilla, Bonilla, Read, Bonilla & Berlanga, Inc., Corpus Christi, for appellant.

Douglas E. Chavez, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from the trial court's dismissal of appellant's suit to set aside a final ruling and decision of the Industrial Accident Board. The reason for the dis-

missal was the failure of the appellant to timely file the suit in compliance with the limitations provision of Tex.Rev.Civ.Stat. Ann. art. 8307 § 5 (Vernon Supp.1982).[1]

It is undisputed that appellant gave her notice of intention to appeal the ruling of the Industrial Accident Board on July 15, 1980. It is also undisputed that appellant filed her petition to set the ruling aside on August 6, 1980. This was two days past the limitation period set out in article 8307 § 5.

Appellant argues that dismissal of her cause is violative of the general rule that "the worker's compensation law is to be liberally construed to effectuate the remedies which it grants." *Ward v. Charter Oak Fire Insurance Company*, 579 S.W.2d 909 (Tex.1979). Specifically, appellant argues that the dismissal is counter to the current construction of article 8307 § 5, as evidenced by two recent Supreme Court cases, *Ward*, supra, and *Standard Fire Insurance Company v. LaCoke*, 585 S.W.2d 678 (Tex. 1979).

As the Court stated in *Standard Fire Insurance Company*, supra, at 680:

"The rule is *firmly established* that the twenty-day period for filing a petition is *mandatory and jurisdictional.* Failure to file within the statutory period leaves the Court without jurisdiction over the case. *Clawson v. Texas Employers Insurance Association*, 475 S.W.2d 735, 737–38 (Tex. 1972); *Richards v. Consolidated Underwriters*, 411 S.W.2d 436 (Tex.Civ.App.— Beaumont 1967, writ ref'd); *Oilmen's Reciprocal Association v. Franklin*, 116 Tex. 59, 286 S.W. 195 (1926); *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926)." (emphasis supplied)

Neither the liberal construction rule nor the above recent cases have affected this interpretation of article 8307 § 5.

In *Ward*, supra, the court held that "if the notice of intention to appeal from a

ruling of the Industrial Accident Board is sent to the Board by First Class United States Mail in an envelope or wrapper properly addressed and stamped, and the notice is deposited in the mail one day or more before the expiration of the twenty-day statutory period and received by the board not more than ten days after the expiration of the statutory period, then the notice shall be deemed timely filed." *Ward*, supra, at 910–11. In so doing, the court noted that its construction "coincides with the notice provisions of Rule 5 of the Texas Rules of Civil Procedure."

The *Standard Fire Insurance Company* case goes no further than *Ward*. In that case, a petition to set aside a Board ruling was delivered by mail to the District Clerk's office on time, but was filed a day later due to an action of a deputy clerk. The court reiterated the construction announced in *Ward*, but decided the case without adopting the *Ward* approach. Here, the appellant filed her petition late; it was not mailed. Consequently, Rule 5 does not apply.

The enlargement provision of Rule 5 applies specifically to acts required or allowed by the Texas Rules of Civil Procedure or by court order. Reading such provision into section 5 of article 8307 would allow the trial court to extend a statute of limitations. See *Oilman's Reciprocal Association v. Franklin*, 115 Tex. 59, 286 S.W. 195 (1926). Such a result would be an unwarranted extension of *Ward*.

Appellant's point of error has been carefully considered and is overruled. The judgment of the trial court is affirmed.

---

1. Art. 8307 § 5 provides, in applicable part: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, ... If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; ...."