Durvis C. TAYLOR, Appellant,

v.

ARGONAUT SOUTHWEST INSURANCE COMPANY, Appellee.

No. 07–90–0001–CV.

Court of Appeals of Texas,
Amarillo.

Sept. 10, 1991.

Rehearing Overruled Oct. 28, 1991.

John W. Cliff, Jr., Odessa, for appellant.

McMahon, Tidwell, Hansen, Atkins, & Fowler, P.C., Jerry D. Caddel, Odessa, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Durvis C. Taylor appeals the dismissal of his workers' compensation action against Argonaut Southwest Insurance Company. The trial court dismissed the action because notice of appeal was not timely filed with the Industrial Accident Board. Taylor claims the dismissal was error because notice mailed on the twenty-first day and received by the Board on the twenty-third day was timely. We disagree and affirm.

On 10 May 1988, the Board denied Taylor's workers' compensation claim. On 31 May 1988, Taylor mailed notice of intent to challenge the Board's final determination. The Board received the notice on 2 June 1988.

■ Section 5 of article 8307 of the Texas Revised Civil Statutes Annotated (Vernon Supp.1990) provides, in pertinent part:

> Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, *within twenty (20) days after the rendition* of said final ruling and decision by said Board, *file with said Board notice* that he will not abide by said final ruling and decision. (Emphasis added.)

This provision is mandatory and jurisdictional to a review of the Board's action. *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926). Absent the required notice, the Board's ruling is final, and a district court has no jurisdiction to set aside the Board's decision. *Clawson v. Texas Employer's Insurance Ass'n*, 475 S.W.2d 735, 738 (Tex.1972).

In *Ward v. Charter Oak Fire Ins. Co.*, 579 S.W.2d 909 (Tex.1979), the prior strict construction of section 5 was modified to prevent an injustice. In *Ward*, the sole question was timeliness of notice. Although Ward mailed the notice fourteen days after the Board's ruling, the U.S. Postal Service marked the notice "postage due 11¢" and returned it to Ward. It was undisputed that Ward had affixed the proper postage, and that the notice was erroneously returned.

Ward remailed the notice before the twenty-day period expired, and the Board received it two days after the period expired. The court observed that by using the Postal Service, Ward had employed a method of giving notice that is almost universally recognized. When Ward originally deposited the notice in the mail, the Board should have received it within twenty days of the Board's ruling. However, under a strict construction of section 5, the Postal Service's mistake, which was beyond Ward's control, would deny Ward her day in court.

To avoid a "harsh and inequitable result," the Court determined:

> *[I]f the notice of intention* to appeal from a ruling of the Industrial Accident Board *is sent to the Board by first-class United States mail* in an envelope or wrapper properly addressed and stamped, *and the notice is deposited in the mail one day or more before the expiration of the twenty-day statutory period and received by the Board not more than ten days after the expiration of the statutory period, then the notice shall be deemed timely filed.*

*Id.* at 911 (emphasis added). In the interest of uniformity, the court conformed this construction of section 5, article 8307 to the notice provision of Rule 5 of the Texas Rules of Civil Procedure.

■ The case before us does not come within the *Ward* rule. The record shows that the Board's final decision was rendered on 10 May 1988. But for section 5b of article 8307, the prescribed twenty-day period would have expired on 30 May 1988. Section 5b provides, in pertinent part:

In computing the twenty (20) days for the filing with the Board notices of unwillingness to abide by the final ruling and decision of the Board, and likewise in computing the twenty (20) days to institute a suit to set aside the final ruling of said Board, *if the last day is a legal holiday or is Sunday, then, and in such case, such last day shall not be counted, and the time shall be and the same is hereby extended so as to include the next succeeding business day* [.] (Emphasis added.)

Since 30 May 1988 was Memorial Day, a legal holiday, the twenty-day period expired on 31 May 1988. Taylor mailed his notice on 31 May 1988. Thus, he did not comply with the *Ward* rule by mailing the notice at least one day *before* the expiration of the twenty-day statutory period.

Nevertheless, Taylor asserts his notice is timely filed because the *Ward* rule should be extended to include the following portion of Rule 5 of the Texas Rules of Appellate Procedure:

When the last day of the period is the next day which is neither a Saturday, Sunday nor legal holiday, any paper filed by mail as provided in Rule 4 is mailed on time when it is mailed on the last day of the period.

Under this provision, Taylor's notice would be timely filed by mailing the notice on 31 May 1988. However, we respectfully refuse to engraft this further exception onto the *Ward* rule.

When the court announced the Rule 5 rationale in *Ward*, Rule 5 did not contain the the above-quoted segment. The quoted language was not a part of Rule 5 in 1988 (the controlling date in this action), nor is it to be found in the current Rule 5. Moreover, the legislature has not amended section 5b of article 8307 to include the above provision. Furthermore, when the legislature amended the Workers' Compensation Act in 1989, they adopted the Code Construction Act provision on computation of time, and the above provision does not appear in the Code Construction Act.

We further point out that the equities in *Ward* are not present here. In *Ward*, the complainant mailed the notice in ample time for it to reach the Board within the prescribed 20–day period. The untimely delivery was caused by the Postal Service, through no fault of the complainant who had no control over the Postal Service's error. In the case before us, Taylor simply did not comply with the liberal *Ward* rule. His failure to comply with the notice requirement was his alone, not the fault of an uncontrolled third party.

Accordingly, we overrule Taylor's sole point of error and affirm the trial court's judgment.

## ON APPELLANT'S MOTION FOR REHEARING

In his motion for rehearing, appellant Durvis C. Taylor contends this Court erred (1) in finding that a portion of Texas Rule of Appellate Procedure 5 was not contained in Rule 5 in 1988, and (2) in refusing to apply that rule in this case. We disagree.

In our original opinion issued September 10, 1991, we referred both to Texas Rule of Civil Procedure 5 and Texas Rule of Appellate Procedure 5. At one point in our opinion, we referred to "Rule 5" without further identifying which Rule 5 we had in mind. Although we thought it was clear from the context of the discussion that we were referring to Rule 5 of the Texas Rules of Civil Procedure, appellant evidently thought we meant Rule 5 of the Texas Rules of Appellate Procedure. To clarify, we indicate the intended referent in brackets in the following portion of our original opinion:

When the court announced the Rule 5 [Texas Rule of Civil Procedure] rationale in *Ward*, Rule 5 [Texas Rule of Civil Procedure] did not contain the above-quoted segment. The quoted language was not a part of Rule 5 [Texas Rule of Civil Procedure] in 1988 (the controlling date in this action), nor is it to be found in the current Rule 5 [Texas Rule of Civil Procedure].

Because we were referring to Rule 5 of the Texas Rules of Civil Procedure, appellant's contention, that this Court erred in finding that a quoted segment of Rule 5

was not contained in the Texas Rules of Appellate Procedure in 1988, is without basis.

The appellant's motion for rehearing is overruled.