Charles SINCLAIR, Appellant,

v.

ALBERTSON'S, INC., Appellee.

No. 06–97–00105–CV.

Court of Appeals of Texas,
Texarkana.

Submitted May 21, 1998.

Decided July 10, 1998.

Rehearing Overruled Aug. 11, 1998.

Timothy G. Moore, Merriman, Patterson, Allison, Longview, for appellant.

J. Keith Mayo, Ken W. Good, Cowles & Thompson, Tyler, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Charles Sinclair appeals the county court's order dismissing this case for lack of jurisdiction after determining that Sinclair failed to provide the Texas Workers' Compensation Commission (TWCC) with timely notice of his work-related injury and failed to show good cause for that untimely notice in compliance with the Texas Workers' Compensation Act.

Although the parties frame the sole issue in terms of whether the Mailbox Rule applies to the filings with the TWCC, we believe the sole issue is whether the failure to file a copy of the petition with the TWCC within forty days takes jurisdiction away from the district court when the actual notice or petition was timely filed with the district court.

Sinclair filed a claim alleging a work-related injury, which Albertson's contested. A hearing officer reviewed his case and ruled that Sinclair did not give timely notice of his injury and found that he did not show good cause for not giving timely notice. Sinclair appealed the decision to a Commission appeals panel, and it was affirmed on June 27, 1995. Sinclair then sought judicial review in the county court at law. Under Texas Labor Code Section 410.252(a), Sinclair had forty days from the date of the appeals panel decision to file suit in the county court.[1] Under Section 410.253, he also had that same forty days to file a copy of that petition with the TWCC.[2] On August 7, 1995, forty-one days after the date of the panel's decision, Sinclair filed his Original Petition with the

---

1. The Texas Labor Code provides that "a party may seek judicial review *by filing suit* not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." Tex. Lab Code Ann. § 410.252(a) (Vernon 1996) (emphasis added).

2. The Texas Labor Code also states that a "copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party." Tex. Lab.Code Ann. § 410.253 (Vernon 1996).

court and mailed a copy of it to the TWCC. The statute provides that when the fortieth day falls on a Sunday, which is what happened in this case, the time tolls to Monday. The TWCC received the petition on Tuesday, August 9. Absent the required notice, the panel's ruling is final, and a district court has no jurisdiction to set aside the panel's decision.[3] After examining the pleadings, within which Albertson's asserted that Sinclair's copy of the petition was not timely filed with the TWCC, the trial court granted Albertson's Motion to Dismiss for Lack of Jurisdiction because Sinclair had not met all jurisdictional requirements.

■■■ The trial court based its holding on the wording of the TWCC's filing rule. Specifically, 28 TEX. ADMIN. CODE § 102.7 (formerly 28 TEX. ADMIN. CODE § 41.75, which contained substantially similar language, excluding the added wording, "Unless otherwise specified in the Texas Workers' Compensation Act or these rules") provides:

> Unless otherwise specified in the Texas Workers' Compensation Act or these rules, forms, reports, and other documents required to be filed by a specified time will be considered timely only if *received* by the commission ... *prior to or during business hours on the last permissible day of filing.* When the last day of filing is a Saturday, Sunday, a legal holiday on which the commission is not required to conduct business, or any other day on which the commission or the appropriate office of the commission is not open for business, then the time is extended as described in § 102.3 of this title.[4]

Two courts of appeals have held that this requirement is mandatory and jurisdictional.[5]

Sinclair contends that the trial court's ruling, which effectually found that the Mailbox Rule does not apply to the TWCC's filing rule because the rule requires the documents to be "received," not "mailed," is erroneous.

To support his assertion that the Mailbox Rule applies to filings with the TWCC, Sinclair relies primarily on the Texas Supreme Court case of *Ward v. Charter Oak Fire Ins. Co.*,[6] which was decided under the former workers' compensation statute. In that case, Ward, the injured worker, mailed her notice of intent to appeal with the Industrial Accident Board six days before the expiration of the statutory period. Because of the post office's error, that notice was returned to her. Ward mailed the notice again, but it was not received until two days after the expiration of the statutory period. To prevent an injustice, the *Ward* court modified the prior strict construction of Article 8307, section 5 of the Texas Revised Civil Statutes, which required that any party appealing a decision by the Industrial Accident Board must file notice with the Board within twenty days of that decision.[7] The *Ward* court then stated that this notice requirement of Article 8307, section 5 had previously been strictly construed to mean that in such a situation, the complainant had not complied with the notice provision, the rationale being that the post office was the sender's agent and, therefore, its negligence was attributable to the sender.[8]

The *Ward* court rejected this strict construction because, in Ward's case, "a harsh and inequitable result" would occur. Under a strict construction of Article 8307, section 5, the post office's mistake, which was beyond her control, would deny Ward her day

---

3. *Taylor v. Argonaut Southwest Ins. Co.*, 817 S.W.2d 722, 723 (Tex.App.—Amarillo 1991, writ denied).

4. 28 TEX. ADMIN. CODE § 102.7 (West 1991)(emphasis added).

5. *Benavidez v. Travelers Indem. Co.*, 960 S.W.2d 422, 424 (Tex.App.—Austin 1998, no pet. h.); *Tatum v. Second Injury Trust Fund*, 730 S.W.2d 351, 352 (Tex.App.—Dallas 1987, no writ).

6. 579 S.W.2d 909 (Tex.1979).

7. *Taylor*, 817 S.W.2d at 723; *see Morales v. Employers Cas. Co.*, 897 S.W.2d 866, 869 (Tex. App.—San Antonio 1995, writ denied) (applying *Ward*'s focus on finding fault in calculating deadline date and finding no distinction between twenty-day filing requirement under old workers' compensation law and forty-day filing requirement in new law).

8. *O'Bryan v. Harris County*, 583 S.W.2d 896, 899 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Ward*, 579 S.W.2d at 910.

in court.[9] To reach an equitable result, the court determined that she had used a universally recognizable method of giving notice when she originally deposited it in the mail at a time when it should have reached the Board within the twenty-day statutory period.[10] Further, the court concluded:

> [I]f the notice of intention to appeal from a ruling of the Industrial Accident Board is sent to the Board by first-class United States mail in an envelope or wrapper properly addressed and stamped, and the notice is deposited in the mail *one day or more before the expiration of the twenty-day statutory period* and received by the Board not more than ten days after the expiration of the statutory period, then the notice shall be deemed timely filed. *In the interest of uniformity, this construction of Section 5 of Article 8307 coincides with the notice provisions of Rule 5 of the Texas Rules of Civil Procedure.*[11]

When *Ward* was decided, TEX.R. CIV. P. 5 provided:

> [I]f a motion for new trial, motion for rehearing, any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail *one day or more before the last day for filing* same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. . . . [12]

One appellate court has determined that the rationale for the *Ward* decision was (1) to provide a liberal construction of the Workers' Compensation Act to effectuate the remedies that it grants and (2) to provide a uniform construction of Article 8307, section 5, which coincides with the notice provisions of Rule 5.[13]

Sinclair asserts that despite the TWCC's clear rule requiring *receipt* by the due date, the *Ward* court held that receipt by the due date was not necessary so long as the complainant complied with Rule 5. Thus, the Texas Supreme Court intended the TWCC's filing requirements are to be read in conformity with Rule 5, not as an additional, more stringent requirement, as the trial court in the present case has ruled. Currently, TEX.R. CIV. P. 5 states

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is *deposited in the mail on or before the last day for filing* same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.

(emphasis added).

Sinclair asserts that once the provisions of Rule 5 are met, the post office becomes an agent of the TWCC's office for purposes of filing. Thus, because he mailed a copy of his petition on the last permissible filing date as prescribed by Rule. 5, his notice to the TWCC was timely filed.

However, unlike *Ward*, Sinclair mailed his notice on the last possible day to file. No third party, including the post office, can be blamed for the timeliness or untimeliness of his notice of appeal.[14]

Although most courts that have applied *Ward* have either involved postal delivery problems or the timeliness of notice to the *court clerk*, not timeliness of notice to the TWCC or Industrial Accident Board,[15] the

---

9. *Taylor*, 817 S.W.2d at 723.

10. *Ward*, 579 S.W.2d at 910; *see also American Motorists Ins. Co. v. Simecek*, 657 S.W.2d 927, 928–29 (Tex.App.—Amarillo 1983, writ ref'd) (relying on *Ward*'s relaxing of rules regarding notice of intention to appeal).

11. *Ward*, 579 S.W.2d at 910–11 (emphasis added).

12. TEX.R. CIV. P. 5 (Vernon 1979) (emphasis added).

13. *Simecek*, 657 S.W.2d at 929 (applying *Ward* to notice requirement to court clerk).

14. *See Taylor*, 817 S.W.2d at 724.

15. *See Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678 (Tex.1979)(stating that although deputy clerk's in-house postal procedures made petition late, notice to *clerk* was deemed timely); *P.R.I.D.E. v. Texas Workers' Compensation Comm'n*, 950 S.W.2d 175 (Tex.App.—Austin 1997, no writ) (finding that despite postal prob-

case of *Tamez v. Texas Employers' Ins. Ass'n*[16] clearly supports Sinclair's assertion. In *Tamez*, there was no problem with mail delivery. Tamez appealed an order dismissing his claim because his notice of appeal was not timely filed with the Industrial Accident Board. The appellate court did not agree with Tamez's assertion that the dismissal was error because he mailed his notice to the Board on the twentieth day after the Board's award, and it was received by the Board on the twenty-first day. The court interpreted *Ward* and found that Article 8307, section 5 was meant to coincide with Rule 5 and, because Tamez did not comply with former Rule 5, he did not fall within the ambit of *Ward*. Had Tamez mailed his notice to the Board at least one day before the last day of the requisite time period, which was consistent with Rule 5 at that time, and met the requirement that his notice be received within ten days after the twentieth day, which it was, then *Ward* would have applied.

Albertson's asserts that even if *Ward* were applicable in Sinclair's situation, the 1991 amendments that enacted 28 TEX. ADMIN. CODE § 102.7 became effective after *Ward* and *Tamez* were decided. Unlike the Section's predecessor, Section 41.75,[17] Section 102.7 states that "[u]nless otherwise specified in the Act or these rules," documents sent to the TWCC must be "received" by their due date. Thus, Albertson's contends that because the administrative agency added this language, it intended to change the application made in *Ward* and its progeny. Otherwise, the added language would be meaningless. Further, because Rule 5 is not included in either the Act or the Administrative Rules, Albertson's asserts that the trial court was correct in not applying the Mailbox Rule to TWCC filings.

To controvert Sinclair's assertion that Section 102.7 should be interpreted in conformity with Rule 5 for uniformity purposes, Albertson's contends that there is no uniformity problem between the two rules because, by its terms, Rule 5 is limited in its application only to court clerks.[18] Further, Albertson's asserts that the plain wording of Section 102.7 demonstrates that it rejects the Mailbox Rule by its term "receipt," and therefore, Section 102.7 cannot be harmonized with Rule 5.

Despite the parties' contentions, it is well settled that rules adopted by an agency must be within the clear intent of the statutory authority conferred on the agency, they must be consistent with that authority, and they may not impose additional burdens, conditions, or restrictions in excess of the statutory provisions.[19] We must liberally construe the provisions of the Workers' Compensation Act, including Sections 410.252 and 410.253, to carry out the legislative plan of compensating injured workers and their dependents.[20] Courts must consider the entire

---

lem favoring equitable relief found in *Ward*, petition was untimely because it was not received by the *court clerk* within ten days after expiration of statutory period); *Simecek*, 657 S.W.2d 927 (following *Ward*, but concerns notice to *court clerk*, not to Industrial Accident Board); *O'Bryan*, 583 S.W.2d at 898 (relying on *Ward*'s "harsh and equitable result" rationale to overcome statutory condemnation scheme in Texas that failed to provide "a fair and realistic opportunity for the condemnee to learn of the award and preserve his right to appeal").

16. 599 S.W.2d 115 (Tex.Civ.App.—Dallas 1980, no writ).

17. Section 41.75 only provided:
Forms, reports, and other documents required to be filed before a specified time will be considered timely only if received by the board ... prior to or during the last permissible day of filing. When the last day for filing is a legal holiday, or is a Sunday, then the time is extended so as to include the next succeeding business day.
28 TEX. ADMIN. CODE § 41.75 (West 1990) (amended 1991).

18. *See Cavazos v. Texas Emp. Ins. Ass'n*, 631 S.W.2d 196, 197 (Tex.App.—Corpus Christi 1982, no writ)(enlargement provision of TEX.R. CIV. P. 5 applies specifically to acts required or allowed by the Rules of Civil Procedure or by court order, and reading enlargement provision into Article 8307, section 5 would allow court to extend statute of limitations, an unwarranted extension of *Ward*).

19. *See Railroad Comm'n v. ARCO Oil & Gas Co.*, 876 S.W.2d 473, 481–82 (Tex.App.—Austin 1994, writ denied).

20. *See Harris v. Casualty Reciprocal Exchange*, 632 S.W.2d 714, 718 (Tex.1982); *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1998, no writ).

administrative rule, its nature and objects, and the consequences that would result from construing it each way.[21] Further, administrative provisions that do not go to the essence of the act to be performed, but are for the purpose of promoting proper, orderly, and prompt conduct of business, are ordinarily not regarded as mandatory.[22]

Mindful of these rules of construction, we respectfully disagree with our sister courts that have found that the requirement of filing a copy of the petition with the TWCC is mandatory and jurisdictional.[23] At least one appellate court has found that a certain portion of Section 410.253 is not mandatory and jurisdictional. The appellate court in *Planet Ins. Co. v. Serrano*[24] concluded that although *service* on the TWCC within the forty-day period was mandatory and jurisdictional, the requirement of *simultaneous service* on the TWCC was directory because it was included for the purpose of promoting the proper, orderly, and prompt conduct of business.[25] In other words, the timing of the filing with the TWCC is merely directory, so long as it is done within the forty-day filing period.[26] The *Serrano* court considered the consequences that would follow from each construction of the word "simultaneous" and correctly found that a strict construction of the word would make it virtually impossible to meet the filing requirement with the TWCC.[27] Arguably, it was not the legislature's intent that jurisdiction on an appeal would be lost merely because the appeal was not filed with both the court and the TWCC "simultaneously."[28] Under the *Serrano* analysis, Sinclair met his directorial obligation: to file with the TWCC within forty days of the panel's decision.

The plain language of Section 410.252(a) of the Labor Code noted above expressly states that "a party may seek judicial review *by filing suit.*" The requirement of *filing suit* in the *district court* is clearly mandatory and jurisdictional,[29] and, in this case, this was done. On the other hand, Section 410.253 simply requires that a *copy* of the petition be filed simultaneously with the TWCC. This was done, too. Section 410.253 does not expressly condition one's filing suit in court on the simultaneously-filed copy of the petition with the TWCC.

Based on a liberal construction in favor of the injured worker, because we find that Sinclair sought his judicial review by timely filing suit in the county court as mandated in Section 410.252 of the Labor Code, and because he simultaneously filed a copy of the petition within that same forty days to the TWCC as provided in Section 410.253 of the Labor Code, we reverse the trial court's judgment and remand the case for further proceedings.

21. 2 Tex. Jur.3d *Administrative Law* § 43 (1995).

22. *Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex.1976); *see also* 2 Tex. Jur. 3d *Administrative Law* § 43 (1995).

23. *See Benavidez*, 960 S.W.2d at 424; *Morales*, 897 S.W.2d at 868.

24. 936 S.W.2d 35, 37 (Tex.App.—San Antonio 1996, no writ).

25. *Planet Ins. Co. v. Serrano*, 936 S.W.2d 35 (Tex.App.—San Antonio 1996, no writ).

26. *Id.* at 38.

27. *Id.* at 37.

28. *Id.*

29. *LaCoke*, 585 S.W.2d at 680.